UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 20-10200-FDS |
| ) | |
| WAQAS ALI, ) | |
| Defendant. ) | |

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and 18 U.S.C. § 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture (Money Judgment) is submitted herewith. In his plea agreement, defendant Waqar Ali (the "Defendant"), agreed to entry of the requested order. *See* Docket No. 11. In support thereof, the United States sets forth the following:

1. On September 17, 2020, the United States Attorney for the District of Massachusetts filed a a two count Information charging the Defendant with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count One); and Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957 (Count Two).

2. The Information included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense set forth in Count One of the Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited included, but was not limited to, the

following asset:

  a. $600,000 to be entered in the form of a forfeiture money judgment.

3. The Information further included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense set forth in Count Two of the Information, of any property real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited included, but was not limited to, the following:

  a. $600,000 to be entered in the form of a forfeiture money judgment.

4. The Forfeiture Allegations of the Information also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described in Paragraphs 2 and 3 above.

5. On October 2, 2020, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement signed by the Defendant on September 17, 2020. *See* Docket No. 11.

6. In Section 6 of the written plea agreement, the Defendant agreed that the Court

shall enter an Order of Forfeiture (Money Judgment) in the amount of $600,000 in United States currency as part of his sentence. *Id* at 4.

7. The Defendant admitted that $600,000 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the Defendant derived from the offenses to which the Defendant pled guilty. *Id*. at 4.

8. Based on the Defendant's admissions in the written plea agreement and the Defendant's guilty plea on October 2, 2020, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $600,000 .

9. Pursuant to Rule 32.2(4)(A), based upon the Defendant's consent to entry of the requested order, the Order of Forfeiture (Money Judgment) becomes final upon entry by this Court. As such, no preliminary order of forfeiture is required.

10. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n. 15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

11. Once the Order of Forfeiture is entered, the United States may move at any time,

pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.  *See United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n. 15 (1st Cir. 2011) ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia, 564 F.3d 502, 506-507 (1st Cir. 2009)* (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

12. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.  Such discovery may include the taking of depositions of witnesses.  *See* 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. § 982, (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).  In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure.  Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) retain jurisdiction in the case for the purpose of enforcing the Order of Forfeiture (Money Judgment);

(c) include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(d) incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney,

By: */s/ Carol E. Head*
MACKENZIE A. QUEENIN
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated: April 20, 2021