IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-cr-10200-FDS |
| | ) | |
| WAQAS ALI, | ) | |
| | ) | |
| Defendant | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Waqas Ali artfully executed a scheme to defraud a victim that he had easy access to via his position at Bank of America. He did so in order to line his own pockets, with callous disregard to the impact his theft would have upon others, including the victim of his theft and his own family. For the reasons outlined in this Sentencing Memorandum, the government respectfully requests that the Court sentence Ali to 24 months in prison, and 12 months of supervised release, impose a mandatory special assessment of $200, impose a forfeiture money judgment in the amount of $600,000, and order restitution.

I. FACTS

The government incorporates herein the facts as set forth in the statement of offense conduct in paragraphs 7 through 14 of the Pre-Sentencing Report ("PSR"). The parties and the U.S. Probation Office agree that the applicable offense level is 19, as set forth in paragraphs 18 through 30 of the PSR. Given that the defendant has no criminal history, the applicable sentencing guideline range is 30-37 months.

II. DISCUSSION

In determining a defendant's sentence, several steps are necessary. First, the court must consider the Sentencing Guidelines and determine the advisory sentencing guideline range. The

guideline range, once calculated, establishes the court's "starting point" or "initial benchmark." *See Gall v. United States*, 552 U.S. 38, 50 (2007). Next, the court should consider the various factors set forth in 18 U.S.C. § 3553(a). *Id.* In weighing those factors, the First Circuit has emphasized that an individualized determination is the touchstone: while a deviation from the guidelines may be warranted in certain instances; in other instances, it will not be. *Id.* If the Court determines that a sentence below the GSR is warranted, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *Id.* The greater the departure, the greater the justification required. *Id.*

The government is recommending a below guidelines deviation here. While the plea agreement commits the government to recommending no more than 30 months (the low-end guidelines), after receipt of the defendant's sentencing memorandum and exhibit, the government has revised its recommendation downward by six months, in order to adequately reflect its recognition that the personal history and characteristics of this defendant, particularly the circumstances surrounding his young sons, are not synonymous with the personal circumstances of the typical fraud defendants that come before the Court.

While the defendant's unique personal circumstances weigh strongly in favor of the defendant's request for home confinement, they also clearly underscore why his deliberate, calculated theft of $600,000 from a long time Bank of America client defied all logic. Because the sentence Court imposes must also promote respect for the law, reflect the seriousness of the offense, and afford adequate deterrence, a term of incarceration is necessary. 18 U.S.C. § 3553(a)(2)(A), (B), (C). The sentence must demonstrate to the defendant[1], to other individuals

---

[1] Ultimately, the government is less concerned with the need for specific deterrence here, particularly in light of the defendant's immediate acceptance of responsibility, both with Bank of

with direct access to client funds, and to the general community, that laws are meant to be followed and that basic morality is important.  The defendant, acting under the guise of his employment and hiding from behind a computer screen, failed to care that his crime was not victimless.  Ali knew that what he was doing was wrong and harmful, but he persisted nonetheless.  Simply put, there was absolutely no need for him to commit this crime.  While a very small portion of the money the defendant stole paid for his son's specialized schooling, the large majority was spent on frivolous and completely unnecessary items: a Porsche SUV, luxury items from Saks Fifth Avenue, Burberry, and Bloomingdales, and Apple products.

Imposing a sentence of home confinement for this inexcusable cavalier conduct may fail to deter others from following suit.  Individuals considering following Ali's example must be shown that the consequences of his crimes were significant.  *See generally United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Because economic and fraud-based crimes are more rational, cool and calculated then sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence") (internal quotation omitted); *see United States v. Mueffelman*, 470 F.3d 33, 40 (1st Cir. 2006) (the deterrence of white-collar crime was "of central concern to Congress" in fashioning sentences for white collar crime).  By sentencing Ali as recommended by the government, the Court would send a message that stealing money from those who trust you to protect it will result in a significant consequences.

### III.     CONCLUSION

For all the foregoing reasons, and in light of the advisory GSR, the factors enumerated in 18 U.S.C. § 3553(a), and the reasons to be offered at sentencing, the government respectfully

---

America and with the government, in addition to what appears to be an extensive period of self-reflection.

recommends that the Court impose a sentence of 24 months of incarceration, followed by one year of supervised release, a $200 special assessment, order $600,000 in forfeiture, and restitution.

                                            Respectfully submitted,

                                            NATHANIEL R. MENDELL
                                            ACTING UNITED STATES ATTORNEY

                                By:    */s/ Mackenzie A. Queenin*
                                            MACKENZIE A. QUEENIN
                                            ASSISTANT U.S. ATTORNEY

Date:  May 1, 2021

**CERTIFICATE OF SERVICE**

    I, Mackenzie A. Queenin, certify that on this 1st day of May 2021, I caused this document to be filed via the ECF system.

                                                        */s/ Mackenzie A. Queenin*
                                                        Mackenzie A. Queenin
                                                        Assistant U.S. Attorney

Dated:  May 1, 2021